IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK HAMMOND,

    Petitioner,

v.                                            Civil Action No. 1:14-cv-47
                                            (Judge Keeley)

R.A. PERDUE,

    Respondent.

## REPORT AND RECOMMENDATION/OPINION

### I. BACKGROUND

On March 17, 2014, the *pro se* Petitioner, Mark Hammond, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, seeking an order requiring the Federal Bureau of Prisons (BOP) to release Petitioner in accordance with his sentence.[1] On May 8, 2014, Petitioner paid the $5.00 filing fee. On May 14, 2014, the undersigned ordered the Respondent to show cause why the writ should not be granted. On June 4, 2014, Respondent filed a Motion to Dismiss or Motion for Summary Judgment. On June 5, 2014, a Roseboro notice was issued, requiring Petitioner to reply to Respondent's motion. On July 1, 2014, Petitioner filed a Motion to Amend. The motion was granted on September 12, 2014, and Respondent was ordered to filed a supplemental response addressing the content of Petitioner's amended petition. On October 2, 2014, Respondent filed a response. On October 20, 2014, Petitioner filed a Motion for Summary Judgment. This matter is

---

[1] More specifically, Petitioner claims that he is entitled to immediate release because the BOP should have commenced his sentence on the date it was imposed on November 12, 2009, and all the time spent in custody from the date of his arrest on January 18, 2008, through November 12, 2009, should be awarded as prior custody credit. Petitioner maintains that if the BOP had computed his sentence in this manner, the sentence would have already expired.

1

pending before the undersigned for a Report and Recommendation.

## II. FACTS

On January 18, 2008, Petitioner was arrested by the Pittsburgh, Pennsylvania Police Department for Bank Robbery and remained in custody of the state authorities. On January 23, 2008, a Criminal Complaint was filed in federal court charging Petitioner with Bank Robbery in violation of 18 U.S.C. § 2211(a). On January 24, 2008, the United States District Court for the Western District of Pennsylvania issued a federal Writ of Habeas Corpus Ad Prosequendum for Petitioner.

On February 5, 2008, Petitioner was indicted by a Federal Grand Jury in the Western District of Pennsylvania for Bank Robbery. He was borrowed by federal authorities on February 20, 2008, for prosecution on the federal charges.

On November 12, 2009, Petitioner was sentenced on the federal Bank Robbery charges to a term of imprisonment of 77 months, imposed by the United States District Court for the Western District of Pennsylvania. The federal sentence was silent as to his impending state sentence. The United States Marshals Service returned Petitioner to state custody on the same day, lodging the federal judgment and commitment order as a detainer. All told, the petitioner was in the temporary custody of the USMS for a total of 631 days. Of those, he was boarded at the Allegheny County prison for 16 days and the Northeast Ohio Correctional Center for 615 days. (Doc. 18-12, p.4).

On March 11, 2010, the petitioner pleaded guilty and was sentenced in state court to a term of 3-6 years imprisonment for the charges of Robbery–Serious Bodily Injury, and Criminal Conspiracy. (Doc. 12-8). The petitioner was placed in state custody in the Pennsylvania Department of Corrections. (Doc. 12-9).

On March 27, 2013, Petitioner was paroled from his state sentence to the federal detainer sentence, and came into exclusive federal custody. Petitioner's federal sentence is deemed to have commenced on March 27, 2013, the date on which he came into custody of the United States. Petitioner's current projected release date, the date on which he will complete serving his federal sentence with consideration for good conduct time, is September 19, 2016.

On November 8, 2013, Petitioner filed a letter with the Western District of Pennsylvania which was docketed as a Motion for Release from Custody. Petitioner argued that he was in federal custody when he was sentenced by the Pennsylvania State Court. Petitioner further argued that he was entitled to prior custody credit from January 18, 2008, the date he was initially taken into custody for his federal offense, albeit originally arrested by the Crafton, Pennsylvania Police Department. Petitioner also argued that the Pennsylvania Court ordered its sentence to run concurrent with the already preexisting Federal Sentence, and the state sentencing judge ordered that he be returned to the custody of the US Marshal Service. In conclusion Petitioner claimed that he had served 69 months of his 77 month term, or approximately 90% of his total term. For relief, Petitioner requested that the Court consider the facts and, presumably, order his release. See Document 64, Criminal Case No. 2:08-cr-00063-AJS, Western District of Pennsylvania., citing the same arguments found in his § 2241 motion. The Court construed the motion as a Petition pursuant to 28 U.S.C. § 2241. On November 11, 2013, the United States District Court for the Western District of Pennsylvania filed an order denying Petitioner's motion for lack of jurisdiction because he had not provided proof that he had exhausted his administrative remedies, and because he was not

incarcerated within the jurisdiction of the Western District of Pennsylvania.[2]

### III. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations

---

[2]In concluding the Order, the Honorable Arthur J. Schwab noted that if [Petitioner] wished to seek judicial review of the BOP's sentencing calculation, he must first exhaust all administrative remedies, and then file his petition in the United States District Court for the Northern District of West Virginia. See Case 2:08-cr-00063-AJS, Doc 65, p.2 (WDPA).

4

omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp, 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of

evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## IV. ANALYSIS

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility in which the sentence is to be served." 18 U.S.C. § 3585(a). However, in some cases, a federal sentence may begin prior to the Attorney General gaining physical custody of the defendant. Where, as here, a prisoner faces both state and federal charges, the term "received in custody" is particularly important. In such instances, the concept of primary jurisdiction applies. Primary jurisdiction is explained in United States v. Smith:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior exclusive jurisdiction over him,...and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty...

United States v. Smith, 812 F.Supp. 368, 371 (E.D.N.Y. 1993)(quoting In re Liberatore, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. See Coles v. DeBoo, No. 2:10cv70, 2010 WL 3767113 (N.D.W.Va. September 27, 2010; Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa. 1998) *citing* United States v. Warren, 610 F.2d 680, 684-85- (9th Cir. 1980)("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence."). However, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

When Petitioner was arrested by state authorities on January 18, 2008, the state gained primary jurisdiction over him. Furthermore, as explained above, the state authorities did not relinquish their primary jurisdiction over Petitioner when federal authorities borrowed him pursuant to a writ of habeas corpus ad prosequendum. Instead, the state retained its primary jurisdiction over Petitioner until he was released by the state to the United States Marshals Service on March 27, 2013 for service of the federal sentence.

The undersigned recognizes that Petitioner's amended petition raises the claim that the state had, in fact, relinquished primary jurisdiction over him during the pendency of his federal case. In support of this claim, Petitioner attached a letter, dated August 13, 2013, from Linda E.J. Cohn, the Assistant Federal Public Defender, who represented him the Western District of Pennsylvania. Ms. Cohn dated August 13, 2013. In that letter, Ms. Cohn noted as follows:

> I reviewed your Presentence Investigation Report ("PSR") in an attempt to determine whether you were in primary federal or state custody during your federal case. It appears to me that you were in primary federal custody. Because you were sentenced in federal court to a term of imprisonment of 77 months in November 2009 and you have projected release date of October 27, 2018, I suspect that the Bureau of Prisons ("BOP") mistakenly believed that you were in primary state custody.
>
> According to page 3, paragraph 1 of your PSR, you were taken into custody on January 18, 2008, on local charges filed by the Crafton Police Department relating to the bank robbery charge that eventually was adopted by federal prosecutors. On February 5, 2008, you were indicted federally for the bank robbery, and the state charges were withdrawn on February 14, 2008. Thus, as of February 14, 2008, you were no longer in state custody because no state cases were detaining you at that time. You appeared in federal court on the federal indictment on February 20, 2008 for your initial appearance. The cover of your PSR noted one state detainer, which was filed February 21, 2008 – after you were already in federal custody.
>
> (Doc. 15-1, p. 1).

In his supplemental response, Respondent clarifies the history of Petitioner's criminal prosecution by the State of Pennsylvania and demonstrates that, despite Ms. Cohn's assessment to the contrary, Petitioner was in primary state custody until he satisfied his state sentence and was released to the USMS pursuant to the detainer. More specifically, Respondent points out that the letter written by Ms. Cohn focuses only on Allegheny case number MJ-05223-CR-0000021-2008,

which was withdrawn on February 14, 2008, and case number MJ-05004-CR-0000304-2008, which was adopted by the United States District Court for the Western District of Pennsylvania for federal prosecution. However, Petitioner still had pending a non-jury trial case in Allegheny County, specifically case number CP-02-CR-0015423-2007, Robbery–Inflict Serious Bodily Injury (2 Counts) and Criminal Conspiracy. (Doc. 18-9). The non-jury trial was initially scheduled for June 10, 2008, but was continuously rescheduled every few months for almost two years. (Docs. 18-9, p. 2). In addition, Petitioner was awaiting trial in the Commonwealth of Pennsylvania, Allegheny County, in case number CP-02-CR-0015496-2007– Retail Theft (Doc. 18-10) and had pending charges in the same county in case number CP-02-CR-0016365-2007-Retail Theft (Doc. 18-11). Therefore, despite the fact that two state cases stemming from his January 18, 2008 arrest were either dismissed or absorbed into his federal prosecution, he remained in the primary custody of the State of Pennsylvania pursuant to the criminal charges outlined above.

Moreover, it should be noted that Petitioner was sentenced to a term of incarceration of 3-6 years by the State of Pennsylvania. The term of imprisonment began on March 11, 2010, the date it was imposed.[3] The minimum Expiration Date of the three year term was March 11, 2013, and the Maximum Expiration Date of the 6 year term was March 11, 2016.(Doc. 18-14). He was paroled on March 27, 2013, shortly after his minimum expiration date and was released to the exclusive custody of the USMS on their detainer to begin serving his federal sentence of 77 months. The BOP reviewed Petitioner's cases for retroactive concurrent designation and determined it was not appropriate. However, because the state did not award Petitioner credit for the time spent in custody from

---

[3] On that date, Petitioner was clearly not in the custody of the BOP or the USMS. (Doc. 12-7, p. 3.

9

January 18, 2008 through January 30, 2008, nor from February 14, 2008, through January 30, 2008, the BOP was able to apply this time to his federal sentence as prior custody credit pursuant to 18 U.S.C. § 3585(b).[4] Neither his state sentence nor his federal sentence was ordered to run concurrently to the other.[5] Therefore, even if the Court were to find that Petitioner was improperly returned to state custody following his federal sentence, and permitted to serve his state sentence before serving his federal sentence, such action did not serve to lengthen his federal sentence, which is the only sentence the BOP and this court can review.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss or for Summary Judgment be **GRANTED**; Petitioner's Motion for Summary Judgment (Doc.20) be **DENIED**; and Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

---

[4]This section provides that:
"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

[5]The undersigned acknowledges that Petitioner has attached an Order of Sentence that indicates that his state sentence of 3-6 years was ordered to run concurrent with any sentence now serving. (Doc. 1-6, p.2). However, because the petitioner had already been sentenced in Federal Court, and no mention is made of the federal sentence, it seems likely that the Judge Borkowski, Court of Common Pleas of Allegheny County, was referring to any other state sentences. Moreover, the BOP is not charged with calculating state sentences, but only federal sentences.

recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: December 8, 2014

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE