IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK HAMMOND,

                Petitioner,

v.                          //   CIVIL ACTION NO. 1:14CV47
                                 (Judge Keeley)


RUSSELL A. PERDUE, Warden,

                Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT [DKT. NO. 20], AND DISMISSING
THE PETITION [DKT. NO. 1] WITH PREJUDICE

       The pro se petitioner, Mark Hammond ("Hammond"), filed an

Application for Habeas Corpus pursuant to 28 U.S.C. § 2241

("Petition") on March 17, 2014 (Dkt. No. 1).   Hammond, who

currently is incarcerated at Federal Correctional Institution

Gilmer ("FCI Gilmer"), challenges the calculation of his federal

sentence.   On June 4, 2014, the respondent, Russell A. Perdue

("Perdue"), filed a Motion to Dismiss or for Summary Judgment and

Response to Order to Show Cause (Dkt. No. 11).

       On July 1, 2014, Hammond filed a motion to amend his petition

(Dkt. No. 15), which United States Magistrate Judge John Kaull

granted on September 12, 2014 (Dkt. No. 16).   Magistrate Judge

Kaull also required Perdue to file a supplemental answer addressing

Hammond's amended petition, as well as a sealed copy of Hammond's

pre-sentence report.   Perdue filed the required documents on

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

October 2, 2014.  On October 20, 2014, Hammond filed a motion for summary judgment (Dkt. No. 20).

Magistrate Judge Kaull filed a Report and Recommendation ("R&R") on December 8, 2014, in which he recommended that the Court deny Hammond's petition with prejudice, grant Perdue's motion to dismiss or for summary judgment, and deny Hammond's motion for summary judgment (Dkt. No. 23).  For the following reasons, the Court **ADOPTS** the R&R, **GRANTS** Perdue's motion to dismiss or for summary judgment, **DENIES** Hammond's Motion for Summary Judgment, and **DISMISSES** the Petition **WITH PREJUDICE**.

### I.   BACKGROUND

**A. Factual Background**

On October 9, 2007, Hammond was charged with Robbery–Inflict Serious Bodily Injury, and Criminal Conspiracy in the Court of Common Pleas of Allegheny County, Pennsylvania (Dkt. No. 1-1 at 4).[1]  He was released on bail on October 17, 2007.  <u>Id.</u>  On January 18, 2008, Hammond was arrested by the Crafton Police Department in Crafton, Pennsylvania, and was charged with bank

---

[1] Case No. CP-02-CR-0015423-2007, also referred to as "the state robbery case."

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

robbery.[2]   On January 23, 2008, federal prosecutors filed a criminal complaint stemming from the same operative facts as the state bank robbery case (Dkt. No. 18 at 2). On January 24, 2008, a federal detainer was lodged against Hammond with the Allegheny County Jail.  <u>Id.</u>  On that same day, the United States District Court for the Western District of Pennsylvania issued a writ of habeas corpus ad prosequendum.  <u>Id.</u>[3]

On February 5, 2008, a federal grand jury indicted Hammond on the bank robbery offense, and on February 14, 2008, Pennsylvania prosecutors withdrew the charges against him in the state bank robbery case (Dkt. No. 1-1 at 5).  At that time, however, Hammond still faced pending state charges in the state robbery case[4] and

---

[2] Case No. MJ-05223-CR-0000021-2008, also referred to as "the state bank robbery case."

[3] On January 31, 2008, Hammond pleaded guilty and was sentenced to fourteen days of imprisonment in a state retail theft case (Dkt. No. 18 at 3).  This intervening state conviction is irrelevant because Hammond was in state custody from the time of his arrest on January 18, 2009, until he came into federal custody on March 27, 2013.  The Court merely includes it for completeness.

[4] Case No. CP-02-CR-0015423-2007.  <u>See</u> Dkt. No. 18-9.

3

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

two retail theft cases.[5]  On February 20, 2008, the Western
District of Pennsylvania "borrowed" Hammond for prosecution of the
federal bank robbery charges (Dkt. No. 18 at 4; Dkt. No. 18-12 at
3).  The Commonwealth of Pennsylvania lodged a detainer on Hammond
in the pending state robbery case one day later (Dkt. No. 1-3 at
2).

Hammond pleaded guilty to the federal bank robbery charges in
October of 2008, and was sentenced to 77 months of imprisonment on
November 12, 2009 (Dkt. No. 1 at 2; Dkt. No. 1-4 at 1).  At that
time, the United States Marshals Service returned Hammond to the
physical custody of the Commonwealth, and lodged the federal
judgment and commitment order as a detainer (Dkt. No. 18-2; Dkt.
No. 18-12).

Hammond pleaded guilty in the state robbery case on March 11,
2010, and was sentenced that same day to 3 to 6 years of
imprisonment, with no prior custody credit awarded (Dkt. No. 18 at
4; Dkt. No. 1-6 at 2).  The state court judge included in his order
a provision that Hammond's sentence should run concurrent with all

---

[5] Case No. CP-02-CR-0015496-2007.  <u>See</u> Dkt. No. 18-10.  Case
No. CP-02-CR-0016365-2007.  <u>See</u> Dkt. No. 18-11.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE

other sentences (Dkt. No. 1-6 at 2). On March 27, 2013, Hammond was paroled on the state robbery charge, and was released to the custody of the United States Marshals Service to begin serving his federal sentence (Dkt. No. 1-7 at 3; Dkt. No. 18 at 15). His projected release date, including consideration for good conduct time, is September 19, 2016 (Dkt. No. 12 at 3).

Hammond applied to the BOP for a retroactive concurrent designation, but the BOP denied his request after consulting with Judge Schwab, the sentencing judge in the Western District of Pennsylvania (Dkt. No. 12-12; Dkt. No. 1-12 at 3). The BOP, however, did award Hammond credit for time served from January 18, 2008, through January 30, 2008, and from February 14, 2008, until March 10, 2008, because the Commonwealth had not credited that time toward his robbery sentence (Dkt. No. 1-12 at 3).

**B. Procedural Background**

On March 17, 2014, Hammond filed the current petition, claiming that he is entitled to immediate release from custody because the Bureau of Prisons ("BOP") incorrectly calculated his sentence (Dkt. No. 1). Specifically, he claims that his federal sentence should have commenced on November 12, 2009, the date of

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

sentencing, and that he should receive prior custody credit from the date of his arrest on January 18, 2008 (Dkt. No. 1-1 at 8). Magistrate Judge Kaull ordered Perdue to show cause why Hammond's petition should not be granted (Dkt. No. 9).

Perdue responded to the show cause order on June 4, 2014, and moved to dismiss Hammond's petition (Dkt. No. 12 at 1).[6] For his part, Perdue argues that Hammond's federal sentence did not commence until March 27, 2013, because he was under the primary jurisdiction of the Commonwealth of Pennsylvania until that time. Id. at 3-4. On June 5, 2014, Magistrate Judge Kaull issued a Roseboro notice, advising Hammond of his right to respond (Dkt. No. 13).

On July 1, 2014, Hammond filed a motion to amend his petition (Dkt. No. 15), which Magistrate Judge Kaull granted on September 12, 2014 (Dkt. No. 16). On that same day, Magistrate Judge Kaull ordered Perdue to file a supplemental answer addressing Hammond's amendments, and to file under seal a copy of Hammond's pre-sentence report from the federal bank robbery case. Id. In

---

[6] Perdue's filing is styled as a Motion to Dismiss or Motion for Summary Judgment and Response to Order to Show Cause (Dkt. No. 11).

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE

particular, the Court was concerned about a letter to Hammond from
an Assistant Federal Public Defender for the Western District of
Pennsylvania suggesting that Hammond was in primary federal
custody, rather than state custody.  Id.

Perdue responded on October 2, 2014, explaining that Hammond
was in primary state custody until he was paroled on March 27,
2013, because he was subject to multiple pending state cases (Dkt.
No. 18 at 5).  On October 20, 2014, Hammond filed a motion for
summary judgment, asking the Court to release him from custody
(Dkt. No. 20 at 3).

On December 8, 2014, Magistrate Judge Kaull issued his R&R,
finding that Hammond had been in primary state custody from the
time of his arrest on January 18, 2008, until the time of his
parole on March 27, 2013 (Dkt. No. 23 at 7).  As such, Hammond's
77-month federal sentence had not begun to run until March 27,
2013, and, consequently, he was not entitled to immediate release.
Id.  Hammond filed objections to the R&R on December 31, 2014,
reiterating his argument that federal custody had been primary.
(Dkt. No. 26 at 2).

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE

## II.  STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review <u>de novo</u> only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C).  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  <u>See</u> <u>Webb v. Califano</u>, 458 F.Supp. 825 (E.D.Cal.1979). Because Hammond filed objections to the report and recommendation, the magistrate judge's recommendations will be reviewed <u>de novo</u> as to those portions of the report and recommendation to which objections were made.

## III.  APPLICABLE LAW

As a preliminary matter, the Court must construe Perdue's motion (Dkt. No. 11) either as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or as a motion for summary judgment under Rule 56.[7]  Rule 56 mandates that, when

---

[7]  The Fourth Circuit has determined that a responsive pleading, such as this one, captioned as "Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" puts parties on notice that the Court could construe the motion either way. <u>Laughlin v. Metro. Washington Airports Auth.</u>, 149 F.3d 253, 260 (4th Cir. 1998).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

"matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Here, both Perdue and Hammond have presented with Court with many documents outside the scope of the pleadings. See, e.g., Dkt. Nos. 12-1 through 12-17. Both the Court and Magistrate Judge Kaull have relied upon those documents in making a ruling. Therefore, because it will consider matters outside the pleadings, the Court construes Perdue's motion as one for summary judgment.

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(1)(A), (a). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a

9

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

## IV. ANALYSIS

Hammond's principal challenge is to the date on which his federal sentence began.[8] A federal sentence "commences on the date

---

[8] Although Hammond makes several allusions to violations of his rights under the Interstate Agreement on Detainers Act, 18 U.S.C.A.App. § 2, et. seq., it is inapplicable for several reasons. First, the government's use of a writ of habeas corpus ad prosequendum to obtain Hammond from the Commonwealth is not a "detainer" for purposes of the Act. United States v. Bamman, 737 F.2d 413, 415 (4th Cir. 1984). Second, to the extent Hammond

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

The date on which a sentence commences, however, also depends on the concept of primary jurisdiction. See Thomas v. Deboo, 2012 WL 1109188 at *3 (N.D.W. Va. Feb. 9, 2012). Generally, the sovereign that acquires custody of a defendant first is entitled to primary jurisdiction until it has exhausted its remedy against the defendant, or unless it waives or relinquishes its right. Binford v. United States, 436 F.3d 1252, 1255 (10th Cir. 2006); Deboo, 2012 WL 1109188 at *3. A sovereign may relinquish primary jurisdiction by "releasing a defendant on parole, granting bail, or dismissing pending charges." Grier v. Purdue, 2014 WL 3823999 at *3 (quoting

_____

challenges the Commonwealth's detainer under the Act, he waived this argument by "knowingly entering a plea of guilty to the charged offense." United States v. Johnson, 2001 WL 1943854 at *2 (E.D. Va. Mar. 15, 2001). Third, Hammond's federal charges were completely disposed of before he was returned to the Commonwealth, so the anti-shuttling provision of the Act is satisfied. United States v. Kimble, 2009 WL 2761318 at *1 (N.D.W. Va. Aug. 28, 2009). Finally, the Act does not even apply to Hammond, because he was not serving a sentence of imprisonment when the Commonwealth "loaned" him to the federal government. See United States v. Paige, 332 F.Supp.2d 467, 472 (D.R.I. 2004) ("[B]y its terms, the [Act] applies only to prisoners serving a sentence of imprisonment and not to pretrial detainees.").

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)). Of significance, "[b]orrowing" a defendant with a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction. Id.

In Cannon v. Deboo, 2009 WL 692148 at *1-2 (N.D.W. Va. Mar. 13, 2009), Senior Judge Stamp considered a similar factual scenario. There, the petitioner was arrested by the State of Michigan on a variety of charges, some of which were resolved.[9] Id. A variety of other state charges, however, remained pending. During that time, the federal government obtained a writ of habeas corpus ad prosequendum so that the petitioner could appear and answer a federal charge. Id. at *1. The petitioner pleaded guilty to the federal charge, was sentenced to thirty months of imprisonment, and was returned to state custody to answer the remaining state charges. Id. at *2. The petitioner pleaded nolo contendere to two remaining state charges, and was sentenced to two years of imprisonment on one charge and fifteen years of

---

[9] Some of the petitioner's charges were resolved because he was sentenced on them, whereas some of Hammond's charges were dropped.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

imprisonment on another, to run concurrently with the federal sentence. Id.

The petitioner was paroled by the State of Michigan, and was designated to a federal facility, where he filed an action seeking immediate release from imprisonment. Id. The respondent argued that the petitioner's federal sentence should run consecutive to his state sentence. Id. Judge Stamp held that Michigan retained primary jurisdiction over the petitioner, and that his federal sentence had only begun when Michigan relinquished its primary jurisdiction by paroling him. Id. at *8-9. Of particular relevance to the case here, Judge Stamp noted that the record failed to reflect "that the state took any affirmative action . . . to indicate that it had relinquished its primary jurisdiction." Id. at *9.

Similarly, the Commonwealth of Pennsylvania gained primary jurisdiction over Hammond when it arrested him for suspected bank robbery on January 18, 2008. See Shumate v. United States, 893 F.Supp. 137, 141 (N.D.N.Y. 1995). While the Court has carefully considered Hammond's argument that Pennsylvania relinquished primary jurisdiction when it dropped the state bank robbery charges

13

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

on February 14, 2008, that argument is not persuasive. Although the Commonwealth dropped the state bank robbery charges on that date, it retained jurisdiction over Hammond to prosecute the pending retail theft and robbery cases.

Hammond had previously been arrested and released on bond in the state robbery case, but the Commonwealth had lodged a detainer in that case after Hammond's federal indictment. It never relinquished its primary jurisdiction over Hammond, either implicitly or explicitly, until it paroled him on the state robbery charges on March 27, 2013.

Hammond also argues that, because his state sentence was meant to run concurrently with any other sentence, the BOP should release him from imprisonment immediately and credit him for time served on the state charges. A defendant should be given credit for time served before his sentence commenced "as a result of the offense for which the sentence was imposed; or as a result of any other charge for which [he] was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.** 18 U.S.C. § 3585(b) (emphasis added). Of course, Hammond's imprisonment from March 11, 2010, to

14

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23], GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE

March 27, 2013, was already credited toward his state robbery sentence.[10]

The Court does not doubt the state court's intention to run Hammond's sentence concurrently to his federal sentence (Dkt. No. 1-6 at 2). It is well-established, however, that a district court can order that a federal sentence be served consecutively to a state sentence that has not yet been imposed. 18 U.S.C. § 3584(a).

Here, Judge Schwab in the Western District of Pennsylvania intended exactly that (Dkt. No. 12-12). He did not include in Hammond's judgment and commitment order whether the sentence of 77 months should run concurrently or consecutively (Dkt. No. 12-3). When the BOP was considering Hammond's request for a retroactive state designation, in effect, for credit for time served on the state sentence, it contacted Judge Schwab to ask his position on the subject (Dkt. No. 12-11).[11]   Judge Schwab responded that,

---

[10] As previously mentioned, the BOP did award Hammond credit for time served from January 18, 2008, through January 30, 2008, and from February 14, 2008, until March 10, 2008, because the Commonwealth did not credit that time toward his robbery sentence (Dkt. No. 1-12 at 3).

[11] Hammond contacted the BOP and requested a nunc pro tunc designation of the state institution for service of his federal sentence (Dkt. No. 12-11). This would effectively reduce his total

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

although his sentencing colloquy was silent on the subject, it was his general practice to require any state charges to run consecutively to federal sentences, because otherwise the defendant would receive credit for separate criminal acts (Dkt. No. 12-12 at 1). He therefore recommended denying Hammond's request for retroactive designation. <u>Id.</u>

As Magistrate Judge Kaull noted, this Court can only review Hammond's federal sentence. In doing so, it finds no error in how the BOP calculated Hammond's credit for time served, or in how Magistrate Judge Kaull analyzed his claim for federal primary jurisdiction.

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 23), **GRANTS** Perdue's motion for summary judgment (Dkt. No. 11), **DENIES** Hammond's motion for summary judgment (Dkt. No. 20), and **DISMISSES** Hammond's petition with prejudice (Dkt. No. 1).

It is so **ORDERED**.

---

time spent in custody. The BOP is obligated to consider all relevant factors under 18 U.S.C. § 3621(b) when considering such a request.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 23],
GRANTING RESPONDENT'S MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT [DKT. NO. 11], DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 20], AND
DISMISSING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

The Court directs the Clerk to transmit copies of this Order to counsel of record and the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested, and to enter a separate judgment order.

DATED: January 8, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
